# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SANDRA HOLT, | ) |
|       Plaintiff, | ) |
| vs. | ) CASE NO. 1:14-0091 |
| | ) JUDGE CAMPBELL/KNOWLES |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
|       Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed this action seeking review of Defendant's denial of Social Security disability benefits.[1] Docket No. 1. Plaintiff's Complaint avers that: (1) she is disabled; (2) she applied for Social Security benefits on February 9, 2012; (3) on January 23, 2013, an Administrative Law Judge issued a denial of benefits; and (4) on May 21, 2014, the Appeals Council denied her request for review. Docket No. 1, p. 2. In her Complaint, she requests "a favorable decision" on her application filed February 9, 2012.

On September 23, 2014, the undersigned entered an Order stating in part, "To facilitate review of the administrative decision, the Plaintiff is directed to file a motion for judgment on the administrative record supported by a brief within thirty (30) days of entry of this Order." Docket

---

[1] In proceedings before the Commissioner, Plaintiff was represented by a non-attorney representative. Docket No. 12, p. 16. While that representative cannot represent Plaintiff before this Court, it appears that he may have been involved in assisting Plaintiff in the case at bar. *See* Docket No. 16, p. 3.

No. 13, p. 1. The Order required that Plaintiff's brief include a statement of the case, a brief statement of relevant facts, including Plaintiff's age, education, work experience, a summary of the physical and/or mental impairments alleged by Plaintiff, and an outline of the pertinent factual, medical, and vocational evidence in the record. The Order provided that each statement of fact should be supported by reference to the pages in the record where the evidence was located. The Order further provided that Plaintiff's brief should include a statement of errors, and the Order stated, "The Court will consider only those errors specifically identified in the briefs." Docket No. 13, p. 2.

Pursuant to the referenced Order, Plaintiff's brief was due on or about October 23, 2014.

Plaintiff failed to file the required brief. Instead, Plaintiff submitted a handwritten document on November 7, 2014, the body of which states in full, "The original Complaint addressed all these issues." Docket No. 16. Included with the referenced document was a copy of the first page of the Court's September 23, 2014, Order.

The Court notes, with her Complaint in this action, Plaintiff filed a number of Exhibits along with several Attachments. Docket Nos. 1-1 to 1-14. These documents include a copy of Plaintiff's Social Security card, certain GPA records from Columbia State College, a "Medication List," and a "medical source statement of ability to do work related activities" apparently prepared or approved by James M. Graves, dated July 11, 2014. Even if the Court considers the Exhibits and Attachments to Plaintiff's original Complaint, however, those Exhibits and Attachments do not meet the requirements of the September 23, 2014, Order.

Plaintiff has failed to comply with the Court's Order, the requirements of which were plainly stated in the Order.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge