IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SANDRA HOLT | ) |
| | ) |
| v. | ) NO. 1-14-0091 |
| | ) JUDGE CAMPBELL |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 17) and Objections filed by the Plaintiff (Docket Nos. 20 and 21).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Plaintiff has failed to obey the Court's Order of September 23, 2014 (Docket No. 13).

The determination of disability under the Social Security Act is an administrative decision, and the only questions before this Court are whether the decision of the Commissioner is supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. 42 U.S.C. § 405(g). The Commissioner's decision must be affirmed if it is supported by substantial evidence even if there is substantial evidence in the record that would have supported an opposite conclusion. *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009).

The Court is confined to the record that was before the Social Security Administration at the time of the decision. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998);

*Productive MD, LLC v. Aetna Health, Inc.*, 969 F.Supp.2d 901, 943 (M.D. Tenn. 2013). The Court is not required to search the administrative record for facts which may support Plaintiff's arguments. The Court must accept the administrative law judge's explicit findings and determinations unless the record as a whole is without substantial evidence to support that determination. 42 U.S.C. § 405(g).

The Court cannot determine that Plaintiff is entitled to judgment on the record if she has not filed a Motion for Judgment on the Record with adequate citations to the administrative record which she claims support her position herein. Plaintiff has not carried her burden of showing that she is "disabled," as that term is defined in the Social Security Act, because she has not identified and cited substantial evidence in the record to support her claim.

Accordingly, the Report and Recommendation is adopted and approved. This action is DISMISSED with prejudice, and the Clerk is directed to close the file.

IT IS SO ORDERED.

                                                                     *[signature]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE